# HENRY T. GROUT *et ux. versus* JOSHUA HARRINGTON *et al.*

The persons for whose use a guardian's bond is given to the judge of probate, cannot maintain an action upon it in their own names, either at common law or in equity.

BILL in equity. The facts in this case are sufficiently set forth in the opinion of the Court, which was drawn up by

PUTNAM J. The bill is by H. T. Grout and Catharine, his wife, in their own names, upon a bond given to the judge of probate, by Joshua Harrington as principal, and Samuel Wood and Cyrus Leland as sureties, for the faithful performance, on the part of Harrington, of the trust of guardian of the said Catharine.

Leland has deceased, and his heirs at law are made parties to the bill; which is avowedly prosecuted in the plaintiffs' names, at the request of Wood, one of the sureties, to obtain contribution from the heirs of the other surety. Harrington, the principal, and Wood, are also made parties to the bill. It is alleged in the bill, and not denied, that Harrington is insolvent. Nevertheless, the plaintiffs claim to have an absolute judgment against him, and a conditional judgment against Wood and the heirs of Leland, for such part of the amount of the judgment against Harrington, as Wood and the heirs of Leland are liable to pay, respectively, in case Harrington should not pay.

Can this action be maintained? It is certainly of new impression. The Revised Stat. c. 70, regulates suits upon bonds given to the judge of probate by executors and administrators. They may be sued for the benefit of creditors, next of kin, or by any other persons interested. The suit has been always in the name of the judge of probate to whom the bond was given, or by his successor in office; and the forms of proceeding are clearly set forth. By the Revised Stat. c. 79, a bond with surety or sureties is required to be given by the guardian; and by the 25th section it is provided, that "any bond given by a guardian may be put in suit by order of the judge of probate, for the use and benefit of the ward, or of any person interested in his estate; and the proceedings in such suit shall be con-

Grout
*v.*
Harrington.

ducted in like manner as is provided with respect to suits on the bonds of executors or administrators."

Now the suit upon a bond must be in the name of the obligee, at the common law. By the form of the condition of our probate bonds and by the statute, the successor in office of the obligee may sue. The principal, as well as the sureties, are responsible, according to the terms of the bond, and of the condition therein contained. And until the legislature shall interfere and authorize the persons, for whose use the bond is given, to sue in their own names, as if the bond were given directly to them, we do not think that the uniform course of proceedings touching such suits should be changed.

So that if the plaintiffs' counsel are right, (which however we do not decide,) that the Revised Stat. *c.* 70, § 16, as well as *c.* 81, § 8, would sustain such an action at all, it should have been sued in the name of the judge of probate, and not in the names of those for whose use the bond was given.

The case was argued in writing.

*Washburn,* for the heirs of Leland.

*Newton* and *Conant,* for the complainants.

*Barton,* for Wood.